UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOR EQUITIES, LLC, DSFT HOLDINGS LLC, FLATIRON PARTNER LLC and MADISON-THOR MANAGER LLC,,<br><br>Plaintiff(s),<br><br>v.<br><br>HISCOX INSURANCE COMPANY, INC.,<br><br>Defendant(s). | **NOTICE OF REMOVAL**<br><br>Case No. |

TO: United States District Court
Southern District of New York

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, and Local Rule 81, Defendant Hiscox Insurance Company, Inc. ("Hiscox"), by their attorneys, GOLDBERG SEGALLA, LLP, submits this Notice of Removal from the Supreme Court, State of New York, County of New York, in which the above-captioned matter is now pending, to the United States District Court for the Southern District of New York.

In support of said Notice and without waiving any rights or defenses in this matter, Hiscox state as follows:

**PROCEDURAL & FACTUAL HISTORY**

1. Plaintiffs Thor Equities, LLC, DSFT Holdings LLC, Flatiron Partner LLC and Madison-Thor Manager LLC (the "Plaintiffs") commenced the instant lawsuit against Hiscox in the Supreme Court of the State of New York, County of New York under Index No. 652828/2022 by filing a Summons and Complaint on or about August 9, 2022 (the 'Civil Action") (Exhibit "A").

2. In the Civil Action, the Plaintiffs allege that they are entitled to coverage under a Commercial Crime Policy issued by Hiscox to Plaintiff Thor Equities, LLC for a loss allegedly arising out of an employee theft whereby a purported employee of Plaintiff Madison-Thor Manager LLC withheld distributions to Plaintiff Flatiron Partner LLC from a real estate deal. It is alleged that the purported employee stole over $3 million dollars by not making the distribution.

3. The Civil Action alleges causes of action against Hiscox sounding in breach of contract; declaratory judgment and breach of implied covenant of good faith and fair dealing (Exhibit "A"). The Plaintiffs seeks over $3 million in compensatory and consequential damages.

4. A copy of the Civil Action filed is attached as Exhibit A. The Civil Action was served on Hiscox on August 11, 2022. (Exhibit "B.")

**PLEA FOR REMOVAL**

5. Pursuant to 28 U.S.C. § 1441(a), a state court action over which a District Court of the United States would possess original jurisdiction may be removed to the District Court for the district and division embracing the place where the state court action is pending.

6. A District Court shall have original jurisdiction over a proceeding where the matter in controversy is between citizens of different States and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

7. Here, both requirements of Section 1332(a)(1) are met with regard to the Civil Action because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

***Diversity of Citizenship***

8. The only parties in the Civil Action are the Plaintiffs and Hiscox.

9. As alleged in Plaintiffs' Verified Complaint and upon information and belief:

   a. Thor Equities LLC is a limited liability company organized under the laws of Delaware with a principal place of business in New York. The sole members of Thor Equities LLC are Joseph J. Sitt and Betty Sitt, both of whom are New York residents.

   b. DSFT Holdings LLC is a limited liability company wholly owned by the DSFT 2011 Family Trust; beneficiaries of the trust are the children of Joseph J. Sitt and Betty Sitt, all of whom are New York residents; the trustees are Betty Sitt, Isaac Sitt, both New York residents, and Albert Dayan, a New Jersey resident;

   c. Flatiron Partner LLC is a limited liability company organized under the laws of Delaware with a principal place of business in New York and is wholly owned by DSFT Holdings, LLC, *supra*; and

   d. Madison-Thor Manager LLC is a limited liability company organized under the laws of Delaware with a principal place of business in New York. It is owned by Flatiron Partner LLC, *supra*, and Madison 212 Fifth Avenue Partners LLC ("212 Fifth"), which is a limited liability company organized under the laws of Delaware with a principal place of business in New York. Robert Gladstone, a New York resident, is the managing member of 212 Fifth.

10. Defendant Hiscox Insurance Company, Inc. is an Illinois domiciled insurer with its principal place of business located at 104 South Michigan Avenue, Suite 600, Chicago, Illinois 60603.

11. Accordingly, there is complete diversity of citizenship and this requirement of 28 U.S.C. §1332(a)(1) is satisfied.

***Amount in Controversy***

12. A District Court shall have original jurisdiction over a proceeding where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

13. In the Civil Action, Plaintiffs seek damages against Hiscox in the amount of $3 million plus other relief as it is alleged the purported employee stole over $ 3 million. (Exhibit "A").

14. Accordingly, the amount in controversy requirement of 28 U.S.C. §1332(a)(1) is also satisfied.

**CONCLUSION**

15. For the reasons set forth above, this Court has subject matter jurisdiction over the Civil Action under 28 U.S.C. §1332(a)(1). Venue is proper before this Court pursuant to 28 U.S.C. § 1441(a) as this is the District Court for the district and division embracing the place where the Civil Action is pending.

18. Hiscox, the only defendant in the Civil Action, is not a citizen of New York. Thus, 28 U.S.C. § 1441(b)(2) does not preclude removal of the Civil Action. Nor is the Civil Action among the classes of cases not subject to removal pursuant 28 U.S.C. § 1445.

19. This Notice of Removal is filed in compliance with 28 U.S.C. § 1446(b)(1) as it has been filed within 30 days of Hiscox's receipt of the Civil Action Summons and Complaint.

20. As required by 28 U.S.C. §1446(d), Hiscox shall promptly file a copy of this Notice of Removal with the Clerk of the Court, Supreme Court of the State of New York, New York County and shall serve this Notice of Removal on counsel for the Plaintiffs.

**WHEREFORE**, Defendant, Hiscox Insurance Company, Inc., files this Notice of Removal so that the entire Civil Action under Index No. 652828/2022 now pending in the State of New York, Supreme Court, County of New York, be removed to this Court for all further proceedings.

Dated: New York, New York
September 12, 2022

GOLDBERG SEGALLA LLP

Joseph A. Oliva, Esq.
Marci Goldstein Kokalas, Esq.
Attorneys for Defendant
Hiscox Insurance Company, Inc.
711 Third Avenue, Suite 1900
New York, New York 10017
P: 646-292-8700 / F: 646-292-8701
joliva@goldbergsegalla.com
mkokalas@goldbergsegalla.com
File No. 7854.0030

TO: Clerk of the Court
Supreme Court of the State of New York,
New York County

COHEN ZIFFER FREHMAN
& MCKENNA LLP
Robin L. Cohen, Esq.
Kenneth H. Frenchman, Esq.
Alexander M. Sugzda, Esq.
1325 Avenue of the Americas
New York, New York 10019
P: 212-584-1890 / F: (212) 584-1891
rcohen@coehnziffer.com
kfrechman@cohenziffer.com
asugzda@cohenziffer.com

## CERTIFICATE OF SERVICE

I, Joseph A. Oliva, attorney for defendant Hiscox Insurance Company, Inc., do hereby certify that on this 12th day of September, 2022, a copy of the foregoing NOTICE OF REMOVAL (with exhibit(s)), has been served via filing through the USDC EDNY CM/ECF site via electronic transmission to the email address(es) designated by said attorney(s) for that purpose via CM/ECF, within the State of New York upon the following:

COHEN ZIFFER FREHMAN
& MCKENNA LLP
Robin L. Cohen, Esq.
Kenneth H. Frenchman, Esq.
Alexander M. Sugzda, Esq.
1325 Avenue of the Americas
New York, New York 10019
P: 212-584-1890 / F: (212) 584-1891
rcohen@coehnziffer.com
kfrechman@cohenziffer.com
asugzda@cohenziffer.com

____________________________
Joseph A. Oliva, Esq.