UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOR EQUITIES, LLC et al.,

                                              Plaintiffs,

                    -against-

HISCOX INSURANCE COMPANY INC.,

                                              Defendant.

1:22-cv-07790 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On September 12, 2022, this action was removed from the Supreme Court of New York, New York County, by Defendant. *See* ECF No. 1 ("Notice of Removal"). Defendant asserts that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* ¶ 7. There are four plaintiffs in this action, including Madison-Thor Manager LLC ("Madison-Thor LLC"). *See id.* ¶¶ 8-9. Defendant alleges that Madison-Thor LLC is a limited liability company owned by Flatiron Partner LLC and Madison 212 Fifth Avenue Partners LLC ("212 Fifth Avenue LLC"). *See id.* ¶ 9(d). In turn, Defendant alleges that 212 Fifth Avenue LLC is a limited liability company and that Robert Gladstone ("Gladstone"), a New York resident, is the managing member of 212 Fifth Avenue LLC. *See id.* Defendant has not alleged that Gladstone is the sole member, or further indicated the membership, of 212 Fifth Avenue LLC.

      A limited liability company is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of

incorporation and principal place of business of any corporate entities that are members of the limited liability company.  *See id.*; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction).  In the present case, the Notice of Removal fails to do so.

Accordingly, it is hereby ORDERED that, **on or before September 26, 2022**, Defendant shall amend its Notice of Removal to allege the citizenship of each constituent person or entity comprising each Plaintiff LLC (including the state of incorporation and principal place of business of any corporate entity member).  If, by that date, the Defendant is unable to amend the Notice of Removal to allege a good-faith basis for complete diversity of citizenship, the action will be remanded to the Supreme Court of New York, New York County, without further notice to the parties.

Finally, Defendant is directed to, **within two business days of this Order**, serve on Plaintiffs a copy of this Order and file proof of such service on the docket.  Counsel for Plaintiffs are directed to file a notice of appearance on the docket **within two business days of such service**.

SO ORDERED.

Dated: September 15, 2022
       New York, New York

_Jennifer Rochon_
JENNIFER L. ROCHON
United States District Judge