UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOR EQUITIES, LLC et al.,

                               Plaintiffs,

-against-

HISCOX INSURANCE COMPANY INC.,

                               Defendant.

1:22-cv-07790 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On September 12, 2022, Defendant removed this action from the Supreme Court of New York, New York County. *See* ECF No. 1 ("Notice of Removal"). By order dated September 15, 2022, the Court found that Defendant's Notice of Removal failed to properly allege the citizenship of each party for purposes of diversity jurisdiction. ECF No. 5. The Court ordered Defendant to amend its Notice of Removal to allege the citizenship of each constituent person or entity comprising each Plaintiff LLC and warned that, if Defendant failed to do so, the Court would remand the case to state court. *Id.* Defendant filed a letter on September 26, 2022, supplementing its Notice of Removal and requesting limited jurisdictional discovery. ECF No. 14. Plaintiffs have appeared in this action and have not filed a response to Defendant's request. *See* ECF Nos. 9-12. For the reasons below, Defendant's request is GRANTED.

      "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and the party must prove jurisdiction by a "preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)). This case involves diversity jurisdiction. *See* Notice of Removal ¶ 7. Diversity jurisdiction

exists only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617 (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). For diversity purposes, an individual's citizenship "is determined by his domicile . . . in other words the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). A limited liability company is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).

"[A] district court has discretion to order jurisdictional discovery in a removal case with improperly pleaded citizenship." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617-18; *see, e.g.*, *Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020) (allowing "limited jurisdictional discovery to confirm or disprove the existence of complete diversity" among limited liability companies). But "such discretion should be exercised with caution." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618. Courts "are not inclined to countenance prolonged preliminary litigation over the removal issue simply because [the defendant] failed in the first instance to aver a proper jurisdictional basis for removal." *Lupo v. Human Affairs Intern.*, 28 F.3d 269, 274 (2d Cir. 1994) ("Removal procedures seek a rapid determination of the proper forum for adjudicating an action.").

Here, Plaintiffs are all limited liability companies ("LLCs"). Yet Defendant fails to identify all the members of those LLCs, let alone their citizenship. Defendant alleges that Plaintiff Madison-Thor Manager LLC ("Madison-Thor LLC") includes as a member Madison

212 Fifth Avenue Partners LLC ("212 Fifth Avenue LLC").  *See* Notice of Removal ¶ 9(d). Defendant alleges that, according to an LLC agreement dated May 19, 2014, members of 212 Fifth Avenue LLC include 14 individuals and one LLC named Madison Equities LLC.  *See* ECF No. 14.  But Defendant does not allege that those 14 individuals and Madison Equities LLC comprise the complete membership of 212 Fifth Avenue LLC at the time the Complaint was filed and when the case was removed; the citizenship of six of the 14 individuals; or the complete membership of Madison Equities LLC.  *See id*; *Chapman v. Crane Co.*, 694 F. App'x 825, 828 (2d Cir. 2017) (stating that complete diversity must exist at the time an action is filed in state court and when it is removed to federal court).  Defendant admits that after "a diligent search of public records" it "cannot allege the citizenship of each person" comprising the membership of 212 Fifth Avenue LLC and that it "has been unable to identify the remaining members (if any) of Madison Equities LLC."  ECF No. 14 at 2.  Accordingly, Defendant has failed to meet its burden of establishing diversity jurisdiction.  *See Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617.

This Court has already provided Defendant the opportunity to amend its Notice of Removal to supply the information necessary for the Court to confirm its subject-matter jurisdiction over this action.  *See* ECF No. 5.  Defendant, in response, supplied additional allegations of the membership of 212 Fifth Avenue LLC that is consistent with diversity jurisdiction, but also identified additional individuals and a limited liability company of unknown citizenship.  *See* ECF No. 14.  The Court holds that, under these circumstances, granting Defendant one more opportunity to amend its Notice of Removal, after brief and limited jurisdictional discovery, is warranted.  *See, e.g.*, *Tutor Perini Bldg. Corp.*, 2020 WL 7711629, at *2-3 (granting limited jurisdictional discovery where the plaintiff alleged diversity of LLC

membership that was publicly available but "admitted that it does not know the citizenship of each LLC defendant"); *see also United Food & Com. Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 302 (2d Cir. 1994) (remanding to the district court to "allow the parties to supplement the record on the issue of each Union member's citizenship and [to] allow the district court to make an initial determination as to whether complete diversity of jurisdiction exists").

The Court recognizes that "scrupulous enforcement of these jurisdictional rules may make it more difficult for many business entities to sue or to be sued in federal court under diversity jurisdiction." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 619. Nonetheless, when the citizenship of an LLC is in question, the Court may not proceed without determining that subject-matter jurisdiction exists. *Id*.

Accordingly, IT IS HEREBY ORDERED that the parties shall undertake and complete such discovery, which shall be limited to document requests and interrogatories sufficient to show the citizenship of all members of each Plaintiff LLC, and Defendant shall file an amended Notice of Removal, by **October 19, 2022**. In order to provide a rapid determination of jurisdiction, the Court is unlikely to grant an extension of this deadline.

Dated: October 5, 2022
        New York, New York

                                                            SO ORDERED.

                                                            *Jennifer Rochon*
                                                            JENNIFER L. ROCHON
                                                            United States District Judge