UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOR EQUITIES, LLC et al.,

                        Plaintiffs,

-against-

HISCOX INSURANCE COMPANY INC.,

                        Defendant.

1:22-cv-07790 (JLR)

**MEMORANDUM OPINION
AND REMAND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Defendant removed this action from the Supreme Court of New York, New York County on September 12, 2022. ECF No. 1 ("Notice of Removal"). This Court, by order dated September 15, 2022, found that Defendant's Notice of Removal failed to properly allege the citizenship of all parties for purposes of diversity jurisdiction and ordered that, unless Defendant properly alleged complete diversity of citizenship by September 26, 2022, the Court would remand the case to state court. ECF No. 5. On September 26, 2022, Defendant supplemented its Notice of Removal and requested limited jurisdictional discovery. ECF No. 14. By order dated October 5, 2022, the Court granted Defendant's request for discovery and directed Defendant to file an amended Notice of Removal properly alleging complete diversity of citizenship no later than October 19, 2022. ECF No. 15. Defendant filed a letter on October 19, 2022 stating that it is unable to determine the citizenship of each member of each limited liability company that is necessary for alleging complete diversity for purposes of subject-matter jurisdiction. ECF No. 22. For the reasons below, this case is REMANDED.

      "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction . . . ." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*,

943 F.3d 613, 617 (2d Cir. 2019) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)).  Diversity jurisdiction exists only if "diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Id.* (quoting *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998)).  A limited liability company is deemed to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from which it was removed.  28 U.S.C. § 1447(c).  "A district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618.

In the present case, the record does not contain the necessary prerequisites for the Court to exercise subject-matter jurisdiction.  As set forth in the Court's October 5, 2022 Memorandum Opinion and Order, Plaintiffs are all limited liability companies.  ECF No. 15 at 2; Notice of Removal ¶ 9.  Defendant alleges that Plaintiff Madison-Thor Manager LLC ("Madison-Thor LLC") includes as a member Madison 212 Fifth Avenue Partners LLC ("212 Fifth Avenue LLC").  ECF No. 15 at 3; Notice of Removal ¶ 9(d).  Defendant has identified at least 17 members of 212 Fifth Avenue LLC, including 12 individuals and five limited liability companies.  ECF No. 22 at 2.  But Defendant concedes, even after discovery and multiple opportunities to amend its Notice of Removal, that Defendant has "not been able to determine the citizenship of each member of each LLC which is a member of 212 Fifth [Avenue LLC]." ECF No. 22 at 2.  The Court therefore lacks subject matter jurisdiction to proceed with this action.  *See Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618.

Accordingly, it is hereby ORDERED that this action be REMANDED to the Supreme

Court of New York, New York County from which it originated.  The Clerk of Court is respectfully directed to CLOSE any open motions on the docket and to TERMINATE this case.

Dated: October 26, 2022
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge